# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| GREGORI JOSE SANCHEZ PAREDES, ) <br> ) <br> Petitioners, ) <br> ) <br> ) <br> v. ) <br> ) <br> DAVID WESLING, Field Office Director, ) <br> ANTONE MONIZ, Superintendent of ) <br> Plymouth County Correctional Facility, ) <br> TODD LYONS, Acting Direction of U.S. ) <br> Immigration and Customs Enforcement, ) <br> And KRISTI NOEM, U.S. Secretary of ) <br> Homeland Security ) <br> ) <br> Respondent. ) <br> ) | Case No. 26-10157 <br><br> **PETITION FOR WRIT OF HABEAS CORPUS** |

## INTRODUCTION

1. On approximately March 15, 2024, U.S. Immigration and Customs Enforcement ("ICE") released Petitioner Gregori Jose Sanchez Paredes from immigration custody pursuant to an Order of Supervision.

2. At the time of his release, Mr. Sanchez Paredes was the subject of a 2023 order issued by the U.S. Immigration Court that required his removal to Venezuela.

3. At the time of Mr. Sanchez Paredes' release, ICE was unable to promptly remove him to Venezuela because Mr. Sanchez was pursuing protection from the U.S. government, in the form of Withholding of Removal and Protection under the Convention Against Torture. Mr. Shanchez Paredes had claimed that he would be persecuted or tortured if repatriated and those claims were being adjudicated by the U.S. Immigration Court.

4.   At the time of Mr. Sanchez Paredes' release, ICE determined that he was unlikely to abscond in order to avoid the consequences of his pending immigration proceedings and thus was not a flight risk.

5.   At the time of Mr. Sanchez Paredes' release, ICE determined that he did not pose a danger to the public.

6.   After being released from ICE custody, Mr. Sanchez Paredes reentered society, obtained work authorization to support himself and his family, and complied with the requirements imposed upon him by his March 15, 2024 Order of Supervision.

7.   After being released from ICE custody, Mr. Sanchez Paredes and his partner gave birth to a son, Axel Mateo, who is a U.S. Citizen and approximately 7 months old. Mr. Sanchez Paredes is the primary financial support for his family.

8.   Nevertheless, on or about November 13, 2025 – without any reason given and without any advance notice – ICE revoked Mr. Sanchez Paredes March 15, 2024 Order of Supervision and returned him to immigration custody.

9.   At present, Mr. Sanchez Paredes is being detained at the direction of ICE in the Plymouth County Correctional Facility in Plymouth, Massachusetts.

10.  At this juncture, ICE has not asserted – because it cannot assert – that it will be able to promptly remove Mr. Sanchez Paredes from the United States because his request to block his repatriation to Venezuela remains pending before the U.S. Immigration Court.

11.  At this juncture, ICE has not asserted – because it cannot assert – that Mr. Sanchez Paredes is a flight risk, as nothing material in this regard has changed since ICE's March 2024 determination that Sanchez Paredes was not a flight risk. In fact, now that he is a new father, the risk of flight has decreased.

12. At this juncture, ICE has not asserted – because it cannot assert – that Mr. Sanchez Paredes poses a danger to the public, as nothing material has changed in this regard since ICE's March 2024 determination that he did not pose a danger to the public.

13. At this juncture, ICE has not asserted – because it cannot assert – that Mr. Sanchez Paredes has violated the conditions of his March 15, 2024 Order of Supervision.

14. ICE thus lacks any permissible reason to detain Mr. Sanchez Paredes and his current immigration detention, insofar as it serves no legitimate purpose, violates the Immigration and Nationality Act as well as the Substantive Due Process guarantee of the Fifth Amendment to the United States Constitution.

15. By this Petition, Mr. Sanchez Paredes seeks a Court order releasing him from his present unlawful detention.

## **JURISDICTION & VENUE**

16. The U.S. District Court for the District of Massachusetts has jurisdiction to adjudicate the present Petition pursuant to Sections 2241 and 1331 of United States Code Title 28.

17. The U.S. District Court for the District of Massachusetts is the proper venue to hear the present Petition because Mr. Sanchez Paredes is currently detained, at the direction of ICE, in the Plymouth County Correctional Facility in Plymouth, Massachusetts.

## **PARTIES**

18. Petitioner Gregori Jose Sanchez Paredes is detained for immigration purposes at the Plymouth County Correctional Facility in Plymouth, Massachusetts.

19. Respondent Moniz is the Superintendent of the Plymouth County Correctional Facility in Plymouth, Massachusetts and is being sued in his official capacity.

## **STATEMENT OF FACTS**

20. Mr. Sanchez Paredes is a Venezuelan national who first entered the United States in or around 2023 without authorization. On November 17, 2023, he was given a final order and was removed to Venezuela.

21. On or about late November 2023, Mr. Sanchez Paredes fled Venezuela again and entered the United States without authorization in order to escape, among other things, torture at the hands of the government due to his political opinion.

22. Upon his arrival, Mr. Sanchez Paredes was detained by ICE for several months.

23. While in immigration detention, Mr. Sanchez Paredes requested that he not be repatriated to Venezuela because he feared persecution or torture upon his return.

24. On March 15, 2024, ICE – after reviewing the propriety of Mr. Sanchez Paredes' ongoing detention – released him from immigration custody pursuant to an Order of Supervision.

25. During this review, ICE determined that it could not promptly remove Mr. Sanchez Paredes because of his pending application for relief from removal to Venezuela.

26. During this review, ICE determined that Mr. Sanchez Paredes was not a flight risk.

27. During this review, ICE determined that Mr. Sanchez Paredes did not pose a danger to the public.

28. Accordingly, Mr. Sanchez Paredes reentered society.

29. Mr. Sanchez Paredes subsequently applied for relief from removal to Venezuela pursuant to Section 241(b)(3) of the Immigration and Nationality Act as well as the Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment.

30. Mr. Sanchez Paredes obtained work authorization and supported himself and his family.

31. Mr. Sanchez Paredes is presently being assisted by an immigration attorney and his application for relief from removal remains pending before the U.S. Immigration Court.

32. After his release, Mr. Sanchez Paredes stayed out of trouble.

33. After his release, Mr. Sanchez Paredes remained employed and supported himself.

34. After his release, Mr. Sanchez Paredes complied with the requirements of his Order of Supervision.

35. Nevertheless, on or about November 13, 2025, ICE – without any reason given and without any advance notice – revoked Mr. Sanchez Paredes' March 15, 2024 Order of Supervision and returned him to immigration custody.

36. At the time ICE revoked Mr. Sanchez Paredes' Order of Supervision, it had no reason to believe that he had become a flight risk.

37. At the time ICE revoked Mr. Sanchez Paredes' Order of Supervision, it had no reason to believe that he had become a danger to the public.

38. At the time ICE revoked Mr. Sanchez Paredes' Order of Supervision, it had no reason to believe that he could be promptly removed from the United States, due to his ongoing proceedings before the U.S. Immigration Court.

39. At the time ICE revoked Mr. Sanchez Paredes' Order of Supervision, it had no reason to believe that he had violated the conditions of his Order of Supervision.

40. Mr. Sanchez Paredes remains in immigration custody at the Plymouth County Correctional Facility.

### FIRST CAUSE OF ACTION – UNLAWFUL DETENTION
### IN VIOLATION OF SECTION 241(A) OF THE IMMIGRATION AND NATIONALITY ACT

41. Mr. Sanchez Paredes incorporates paragraphs 1 through 40 above as if fully restated below.

42. Mr. Sanchez Paredes is currently in the custody of the Respondent under or by color of the authority of the United States – that is, detained at the direction of ICE in the Plymouth County Correctional Facility.

43. Mr. Sanchez Paredes' detention violates Section 241(a) of the Immigration and Nationality Act ("INA").

44. Specifically, Mr. Sanchez Paredes is being detained for immigration purposes when ICE knows that it cannot effect his removal from the United States, that he is neither a flight risk nor a danger and that he has not violated the conditions of his Order of Supervision; thus ICE has no permissible basis for depriving Mr. Sanchez Paredes of his liberty, in violation of INA Section 241(a)(3) and INA Section 241(a)(6) as well as their respective implementing regulations.

45. A judicial order requiring Mr. Sanchez Paredes' release from such custody would effectively redress Respondent's unlawful conduct.

### SECOND CAUSE OF ACTION – UNLAWFUL DETENTION
### IN VIOLATION OF U.S. CONSTITUTION, FIFTH AMENDMENT

46. Mr. Sanchez Paredes incorporates paragraphs 1 through 45 above as if fully restated below.

47. Mr. Sanchez Paredes is currently in the custody of the Respondent under or by color of the authority of the United States – that is, detained at the direction of ICE in the Plymouth County Correctional Facility.

48. Mr. Sanchez Paredes' detention violates the U.S. Constitution.

49. Specifically, Mr. Sanchez Paredes is being detained for immigration purposes when ICE knows that it cannot effect his removal from the United States, that he is neither a flight risk nor a danger, and that he has not violated the conditions of his Order of Supervision; thus ICE has no permissible basis for depriving Mr. Sanchez Paredes of his liberty, in violation of the Substantive Due Process Clause of the Fifth Amendment to the United States Constitution.

50. A judicial order requiring Mr. Sanchez Paredes' release from such custody would effectively redress Respondent's unlawful conduct.

## PRAYER FOR RELIEF

Wherefore, Mr. Sanchez Paredes respectfully requests that the Court:

A. Order Respondents to immediately release Mr. Sanchez Paredes from the Plymouth County Correctional Facility;

B. Award to Mr. Sanchez Paredes his reasonable litigation costs and attorney's fees pursuant to the Equal Access to Justice Act; and

C. Grant such other further relief that is deemed just and proper by the Court.

Respectfully submitted,

JANUARY 15, 2026

GREGORI JOSE SANCHEZ PAREDES,

By his attorney,

*/s/ Rhonda A. Tietjen*
Rhonda A. Tietjen
BBO#652346
PAIR Project
98 N. Washington St., Suite 106
Boston, MA 02114
781-964-6103; rtietjen@pairproject.org

## **VERIFICATION BY SOMEONE ACTING ON PETITIONER'S BEHALF PURSUANT TO 28 U.S.C. § 2242**

I, Rhonda A. Tietjen, declare as follows:

I am an attorney admitted to practice law in the Commonwealth of Massachusetts. I am submitting this verification on behalf of the Petitioner because I am the attorney for the Petitioner. I have discussed with the Petitioner the events described in this Petition. Based on those discussions, I hereby verify that the statements made in the attached Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge.

I certify under penalty of perjury that the foregoing is true and correct and that this declaration was executed on January 15, 2026.

*/s/ Rhonda A. Tietjen*
Rhonda A. Tietjen

## CERTIFICATE OF SERVICE

      I, Rhonda A.Tietjen, certify that on this 15th day of January 2026, I caused a copy of the foregoing Petition to be served on Respondents' counsel via the CM/ECF platform.

*/s/ Rhonda A. Tietjen*
Rhonda A. Tietjen